UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELETA WASHINGTON,

    Plaintiff,

v.                                                Case No: 8:21-cv-1578-CEH-JSS

TRANSUNION, LLC,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon Defendant Trans Union, LLC's Motion to Stay [Doc. 22], filed on September 29, 2021. In the motion, Defendant requests that the Court stay this case—alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*—pending a ruling on its motion to dismiss. *Id.* at p. 1. Defendant argues that "[g]iven the spurious nature of Plaintiff's claims, and the potential disposition of all of Plaintiff's claims against [Defendant], the parties and the Court should not expend any further time, energy, and resources on discovery while [its] MTD is pending." *Id.* at pp. 2, 4-6. It further argues that avoiding the cost and expense of discovery while the motion is pending is "good cause" for staying discovery. *Id.* at p. 4-7. Defendant represents that Plaintiff is unopposed to the requested stay. [Doc. 25 ¶ 2]. The Court, having considered the motion and being fully advised in the premises, will **DENY** Defendant's request to stay discovery and further proceedings in this case.

DISCUSSION

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). District courts have "inherent power not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Castle v. Appalachian Technical College*, 430 Fed. Appx. 840, 841 (11th Cir. 2011) (internal quotations omitted) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

However, a pending motion to dismiss, alone, is not a basis to delay discovery. *See* M.D. Discovery (2021) §1(E)(4). According to the Court's discovery handbook, "the pendency of a motion to dismiss . . . will not [normally] justify a unilateral motion to stay discovery pending resolution of the dispositive motion." *Id.* "However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." *Id. See also Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-EAK-EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("The holding in [*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)] does not establish the general rule that discovery should not proceed while a motion to dismiss is pending.");[1] *In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 3:04-CV-

---

[1] Although the Eleventh Circuit in *Chudasama* held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially

194-VHC-MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007) (noting that Eleventh Circuit case law, including *Chudasama* and its progeny, does not support "the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss."); *but see Brexendorf v. Bank of Am., N.A.*, No. 6:17-CV-2065-RBD-GJK, 2018 WL 7252955, at *4 (M.D. Fla. Nov. 15, 2018) ("Trial courts have a responsibility to properly manage pretrial discovery in order to avoid a waste of resources. Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility.") (*quoting Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017)).

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In balancing these considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.* The party seeking the stay has the burden of demonstrating why a stay should issue. *See Postel Indus., Inc. v. Abrams Grp. Constr.*,

---

dubious." *Id*. at 1367–68. *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock*, 2009 WL 2579307, at *2 (quoting *In re Winn Dixie Stores, Inc. ERISA Litig.*, 2007 WL 1877887, at *1).

3

*L.L.C.,* No. 11–cv–1179-Orl-28DAB, 2013 WL 1881560, at *4 (M.D. Fla. Mar. 29, 2013).

Having taken a preliminary peek at the motion to dismiss, the Court cannot say there is "an immediate and clear possibility" that the motion will be granted and dispose of all of Plaintiff's claims. In arguing that Plaintiff's account was accurately reported, Defendant contends that the account information must be considered in its entirety, instead of focusing on a single field of data—which purportedly is the basis of Plaintiff's claim. It further provides a display of the account to explain why the account was accurately reflected, such that Plaintiff cannot state a claim. While Defendant correctly notes that the Court can consider material outside the four corners of the complaint, that is referenced in the complaint and central to Plaintiff's claims, the authenticity of such material must not be at issue. *See Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) ("[T]he . . . court may [also] consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."). At this point, it is not known whether the authenticity of the extraneous information is in dispute and whether this information can be considered in assessing the sufficiency of Plaintiff's claims pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

Moreover, Defendant has not argued that it will be prejudiced or unduly burdened if this case is allowed to proceed pending a ruling on the motion to dismiss. *See* M.D. Discovery (2021) §1(E)(4). That the parties will be required to expend time, energy, and resources propounding and responding to discovery requests and

conducting depositions is not sufficient to warrant a stay of this case. As such, Defendant has not demonstrated that unusual circumstances exits in this case.

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion to Stay [Doc. 22] is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on October 7, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any