UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELETA WASHINGTON,

    Plaintiff,

v.                                              Case No: 8:21-cv-1578-CEH-JSS

TRANSUNION, LLC,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon Defendant Trans Union LLC's Motion to Stay [Doc. 31], which is unopposed. In the motion, Trans Union requests the Court to stay this case, including discovery, pending the outcome of its motion to dismiss. *Id.* at p. 2. It argues that the Court has broad discretion to control the pace of litigation and course of discovery and that the case should be stayed because there is a strong likelihood that the pending motion to dismiss will dispose of Plaintiff's claims against it. *Id.* at pp. 2-5. It further argues that it should not be required to expend any further time, energy, and resources propounding and responding to discovery requests and conducting depositions regarding claims unlikely to survive based on well-accepted legal principles and case law. *Id.* at p. 6. The Court, having considered the motion and being fully advised in the premises, will deny Defendant Trans Union LLC's Motion to Stay.

DISCUSSION

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). District courts have "inherent power not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Castle v. Appalachian Technical College*, 430 Fed. Appx. 840, 841 (11th Cir. 2011) (internal quotations omitted) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

However, a pending motion to dismiss, alone, is not a basis to delay discovery. *See* M.D. Discovery (2021) §1(E)(4). According to the Court's discovery handbook, "the pendency of a motion to dismiss . . . will not [normally] justify a unilateral motion to stay discovery pending resolution of the dispositive motion." *Id.* "However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." *Id. See also Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-EAK-EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("The holding in [*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)] does not establish the general rule that discovery should not proceed while a motion to dismiss is pending.");[1] *In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 3:04-CV-

---

[1] Although the Eleventh Circuit in *Chudasama* held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially

194-VHC-MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007) (noting that Eleventh Circuit case law, including *Chudasama* and its progeny, does not support "the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss."); *but see Brexendorf v. Bank of Am., N.A.*, No. 6:17-CV-2065-RBD-GJK, 2018 WL 7252955, at *4 (M.D. Fla. Nov. 15, 2018) ("Trial courts have a responsibility to properly manage pretrial discovery in order to avoid a waste of resources. Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility.") (*quoting Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017)).

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In balancing these considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.* The party seeking the stay has the burden of demonstrating why a stay should issue. *See Postel Indus., Inc. v. Abrams Grp. Constr.,*

---

dubious." *Id*. at 1367–68. *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock*, 2009 WL 2579307, at *2 (quoting *In re Winn Dixie Stores, Inc. ERISA Litig.*, 2007 WL 1877887, at *1).

3

*L.L.C.*, No. 11–cv–1179-Orl-28DAB, 2013 WL 1881560, at *4 (M.D. Fla. Mar. 29, 2013).

Having taken a preliminary peek at the motion to dismiss and the exhibit in support, the Court cannot say there is "an immediate and clear possibility" that the motion to dismiss will be granted. Though the Court is allowed to consider material outside the four corners of the complaint that is referenced in the complaint and central to Plaintiff's claims, it is not clear that the February 5, 2021 credit disclosure provided by Trans Union in support of its argument accurately reflects how Plaintiff's Avant information was presented in October 2020.  Moreover, the fact that Trans Union will be required to expend time, energy, and resources propounding and responding to discovery requests and conducting depositions is not sufficient to warrant a stay of this case. Trans Union has not shown that it will be prejudiced or unduly burdened if the stay is not granted. The motion is therefore due to be denied.

**Accordingly, it is hereby ORDERED**:

1. Defendant Trans Union LLC's Motion to Stay [Doc. 31] is denied.

**DONE AND ORDERED** in Tampa, Florida on November 19, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

4